## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BIVIAN B. RAMIREZ,

      Petitioner,

v.                                                                      CIV  NO. 05- 768 JH/ACT

JOSE ROMERO, Warden, and
PATRICIA A. MADRID,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    **THIS MATTER** comes before the Court on Petitioner Bivian B. Ramirez's Application

for a Writ of Habeas Corpus. [Doc. No. 1]. Petitioner filed his Application on July 13, 2005.  The

Respondents filed an Answer, with accompanying Exhibits, on August 4, 2005, together with a

Motion to Dismiss and a Memorandum in Support. [Doc. Nos. 10, 11 and 12].   The Petitioner

filed a Memorandum in Support of his Application, a Response to the Motion to Dismiss and a

Supplemental Memorandum to his Response. [Doc. Nos. 13, 14, and 15].  The United States

Magistrate Judge, having reviewed the Application, the Answer, the accompanying Exhibits, the

Motion to Dismiss, the Petitioner's Responses and Memorandums, and the relevant law,

recommends that the Application for a Writ of Habeas Corpus be DENIED ON THE MERITS.

Petitioner has also moved for the appointment of counsel to represent him in these proceedings.

[Doc. No. 3].  As further explained in this opinion, the United States Magistrate Judge

recommends that the Motion for Appointment of Counsel be DENIED.


PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a

Judgment, Sentence and Commitment of the Eleventh Judicial District Court, County of San Juan,

State of New Mexico, entered of record on April 28, 2004. [Answer, Exhibit A].  Petitioner is

proceeding *pro se* and *in forma pauperis*.

2.  Petitioner was arrested after committing multiple traffic offenses on January 6, 2004.

[Answer, Exhibit B].

3.  On February 23, 2004, Petitioner executed a Plea and Disposition Agreement and

entered a plea of guilty to a felony charge of Driving under the Influence of Intoxicating Liquor or

Drugs (DUI), NMSA 1978 §66-8-102, a misdemeanor charge of Driving while License is

Suspended or Revoked, NMSA 1978 § 66-5-39, and the misdemeanor charge of Resisting,

Evading or Obstruction of an Officer, NMSA 1978 §30-22-1(B). [Answer, Exhibit B].

4.  The Plea and Disposition Agreement stated that there was no agreement as to the

sentencing on the DUI charge and that the State would prove previous DUI convictions at the

sentencing.  The Agreement also stated that the Petitioner waived his right to appeal his

conviction. Petitioner was represented by appointed counsel during the execution of the Plea and

Disposition Agreement. [Answer, Exhibit B].

4. On March 29, 2004, Petitioner appeared before District Court Judge John A. Dean for sentencing. Petitioner was present and was again represented by his appointed counsel. The Court found, after reviewing the evidence, that the Petitioner had five prior DUI convictions:

1) Eleventh Judicial District Court, Aztec, New Mexico, No. CR 2001-703-1, March 7, 2002, for an offense that occurred on or about August 6, 2001. Petitioner was represented by counsel.

2) Eleventh Judicial District Court, Farmington, New Mexico, No. CR 2000-1046-1, February 26, 2001, for an offense that occurred on or about November 17, 2000. Petitioner was represented by counsel.

3) County Court of Pecos County, Texas, No. 10920, June 29, 1993, for an offense that occurred on or about May 1, 1993. Petitioner waived representation.

4) County Court of Pecos County, Texas, No. 8986, April 15, 1987, for an offense that occurred on or about November 25, 1986. Petitioner was represented by counsel.

5) County Court of Pecos County, Texas, No. 8145, April 15, 1987, for an offense that occurred on or about February 10, 1985. Petitioner waived representation. [Answer, Exhibit A and I].

5. Petitioner was sentenced on Count 1, the felony charge of DUI, to two and a half (2 ½) years confinement and on Counts 3 and 6, two misdemeanor charges, to three hundred and sixty four (364) days each. The District Court Judge ordered Petitioner to serve the felony and the first misdemeanor sentence consecutively for a total sentence of three and a half (3 ½ ) years, minus one (1) day. The second misdemeanor sentence was to be served concurrently with the other misdemeanor sentence. [Answer, Exhibit A].

6.  At the time of the sentencing, March 29, 2004, the New Mexico Court of Appeals had recently issued its opinion in State v. Smith, 2004-NMCA-026, 135 N.M. 162, 85 P.3d 804. The Court of Appeals held, in a 2-1 opinion, that the third bill to pass the 2003 legislative session governed DUI sentencing rather than the second bill to pass the 2003 legislative session.  The New Mexico Supreme Court granted *certiorari* in February, 2004, and overturned the Court of Appeals interpretation of the DUI statute in September, 2004.  State v. Smith, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022.

7.  But, faced with the uncertainty of the sentencing provisions of §66-8-102 in March, 2004, the District Court Judge ordered that "[i]f this sentence is appealed and the Appellate Court mandates re-sentencing ... as to Count 1, the Defendant be committed ... for the term of eighteen (18) months." [Answer, Exhibit A].

8.  According to the log of the tape of the sentencing hearing on March 29, 2004, the Petitioner contended that one or more of his prior DUI's had been appealed.  The District Court Judge stated that he would delay the entering of the Judgement and Sentence until the Judge heard from Petitioner's prior attorney concerning the validity of the prior DUI's. [Answer, Exhibit I].

9.  The Court entered the sentence of record on April 28, 2004.  [Answer, Exhibit A].

10.  Petitioner filed a *pro se* Motion for Reconsideration of Sentence on June 21, 2004. The sentencing judge, District Court Judge John A. Dean, denied the Motion on July 1, 2004. [Answer, Exhibits C and D].

11.  Petitioner filed a second *pro se* Motion for Reconsideration of Sentence on July 12, 2004.  District Court Judge John A. Dean, after addressing each of Petitioner's arguments, denied

this Motion on July 28, 2004.  [Answer, Exhibits E and F].

12.   Petitioner filed a timely state Petition for Writ of Habeas Corpus on September 28, 2004, raising three claims:

A.   that the District Court Judge imposed an illegal judgment and sentence. Petitioner argued that the Court could only sentence him to a maximum term of eighteen (18) months on his DUI felony plea;

B.   that he was not present when the Judgment and Sentence was entered of record on April 28, 2004; and

C.   that he was denied effective assistance of counsel because his appointed counsel did not appeal his case.

Petitioner claimed denials of his Fifth, Sixth and Fourteenth Amendment rights and of his state constitutional rights. [Answer, Exhibit G].

13.   District Court Judge John A. Dean denied the Petition on December 21, 2004. [Answer, Exhibit H].

14.   Petitioner filed a timely Petition for Writ of Certiorari with the Supreme Court of New Mexico on January 11, 2005, raising the three claims above.  His first claim also contained the argument that the sentencing court could not use the three DUI convictions from Texas to find that Petitioner's present plea constituted his sixth DUI. [Answer, Exhibit I].

15.   The Supreme Court denied the Petition for Writ of Certiorari on January 24, 2005. [Answer, Exhibit J].

16.   On July 15, 2005, Petitioner filed his third *pro se* Motion to Amend the Judgment and Sentence in the Eleventh Judicial District Court, San Juan County, State of New Mexico.  He

argued that only New Mexico DUI convictions could be used to enhance his present DUI conviction. [Answer, Exhibit K].

17. On July 28, 2005, District Court Judge John A. Dean denied Petitioner's Motion. The Court issued a written Order quoting the language of NMSA §66--8-102 (R) which allows the Court to include a DUI conviction pursuant to a law of "any other jurisdiction, territory or possession of the United States or of a tribe" when the conviction is equivalent to a conviction under the DUI laws of New Mexico as a prior DUI conviction when determining how many previous DUI convictions a defendant may have. [Answer, Exhibit L].

18. Petitioner timely filed this federal Petition for a Writ of Habeas Corpus on July 13, 2005. [Doc. No. 1].

DISCUSSION

19. The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

20. Petitioner raised three claims in his federal Petition for a Writ of Habeas Corpus:

> A.  that he was subject to an illegal judgment and sentence because:

1) the State used DUI convictions that were over ten years old to establish that the current DUI conviction was his sixth DUI; and

2) the State used DUI convictions from Texas to establish that the current DUI conviction was his sixth DUI;

B.  that his Fifth, Sixth and Fourteenth Amendment rights were violated because he was not present when his Judgment and Sentence was filed of record on April 28, 2004; and

C.  that he received ineffective assistance of counsel because:

1) his attorney failed to research the law and allowed the court to illegally sentence him; and

2) his attorney refused to file an appeal on his behalf.

21.  Petitioner has exhausted all of his claims in the state courts below through his state habeas corpus petitions as well as in his motions to reconsider or amend his sentence.  Every one of these claims has been addressed on the merits by the state courts below and denied.

22.  Faced with a fully exhausted, timely Petition for Habeas Corpus this Court must answer two questions.  First, do the claims raise a violation of a federal constitutional right? Second, if a claim does raise of violation of a federal constitutional right, are the state court decisions on the merits contrary to, or involve an unreasonable application of, clearly established federal law, or are the state court decisions based on an unreasonable determination of the facts in light of the evidence presented?  If the answer to either question is no, the Petitioner is not entitled to relief in his Petition for Habeas Corpus.

THE  JUDGMENT AND SENTENCE DO NOT VIOLATE PETITIONER'S

FEDERAL CONSTITUTIONAL RIGHTS

23. This Court's inquiry is restricted to a review of Petitioner's claims that he is in custody

pursuant to a judgment of a New Mexico state court that violates the Constitution of the United

States.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

24.  Petitioner has raised two arguments in his claim that his sentence was illegal - that the

Court below erred when it included his out of state convictions from Texas in determining how

many previous DUI convictions he had and that the Court below erred when it included DUI

convictions that were over ten years old.

25.  Both of these arguments involve the interpretation by New Mexico state courts of a

New Mexico statute, NMSA §66-8-102. The interpretation of a state statute by a state court does

not state a ground for habeas corpus relief.  Petitioner does not allege a violation of a federal

constitutional right in this claim.

26.  Moreover, the District Court Judge correctly noted that NMSA §66-8-102 (R)

instructs the Court to count previous DUI convictions from other states when determining

whether the defendant's current DUI conviction is a second or subsequent DUI conviction.

> R. A conviction pursuant to a municipal or county ordinance in New Mexico or a law of
> any other jurisdiction, territory or possession of the United States of or a tribe, when that
> ordinance or law is equivalent to New Mexico law for driving while under influence of
> intoxicating liquor or drugs, and prescribes penalties for driving while under the influence
> of intoxicating liquor or drugs, shall be deemed to be a conviction pursuant to this section
> for purposes of determining whether a conviction is s second or subsequent conviction.

27.  Petitioner also argued that the New Mexico criminal code prohibited the sentencing

judge from using convictions that were more than ten years old when determining whether his

DUI conviction was a second or subsequent conviction, citing to NMSA §31-18-17 (D)(1).

8

However, as the District Court Judge held in an Order entered of record July 28, 2004, the definition of "prior felony conviction" in §31-18-17 does not apply to DUI sentences. The crime of DUI and the sentences applicable to DUI are governed by the New Mexico Traffic Code and NMSA §66-8-102 in particular. Prior convictions for DUI can be used to enhance a sentence under New Mexico law when the prior conviction are more than ten (10) years old. The two statutory sections dealing with prior felony convictions, §31-18-17 and §66-8-102, do not apply to one another. *See*, State v. Anaya, 123 N.M. 14, 933 P. 2d 223 (1997).

28. This claim does not state a ground for habeas corpus relief. The Court finds that Petitioner's claim that his Judgment and Sentence were not in accordance with New Mexico law fails to state a claim that Petitioner is in custody pursuant to a judgment of a state court that violates the Constitution of the United States.

## PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BECAUSE HE WAS PRESENT AT HIS SENTENCING

29. Petitioner second claim is that his Fifth, Sixth and Fourteenth Amendment rights under the U.S. Constitution were violated because he was not present at his sentencing.

30. Petitioner's Sentencing hearing was held on March 29, 2004 in front of District Court John A. Dean. At this hearing the State presented evidence of Petitioner's five previous DUI convictions. The exhibits attached to the Answer show that Petitioner and his attorney were physically present at the sentencing hearing, that both Petitioner and his attorney addressed the Court, and that both actively participated in the hearing held on March 29, 2004. The log shows that Petitioner and his attorney argued that some of the previous DUI convictions were not valid

or had been appealed.  The log also shows that the District Court Judge imposed sentence on

Petitioner and repeated the sentence at the end of the hearing at the request of the State. [Answer,

Exhibits A and I, the log of the taped hearing noting Defendant's arguments on previous DUI

convictions, Defendant's attempt to fire attorney, Defendant's request to have time to see his son,

State's request to have Judge repeat sentence].  The Judgment and Sentence was not immediately

filed of record, according to the Exhibits, so that the District Court Judge could receive a

response from one of Petitioner's previous attorneys about an appeal that had been taken on one

or more of Petitioner's previous DUI convictions.[1]

     31.  The Judgment and Sentence was filed of record, a ministerial act, on April 28, 2004.

Petitioner was not present when the document was filed with the Clerk of the Court and is

apparently under the mistaken impression that another hearing or court proceeding was held on

that day.  The record clearly shows that the Judgment and Sentence was only filed that day and

that no hearing took place.

     32.  The Petitioner's argument is not supported by the evidence and fails to state a claim

---

[1] The exhibits filed in this case do not reflect what, if anything, the District Court Judge
heard back from the State regarding the status of the appeals on one or more of Petitioner's
previous DUI's.  The Court notes, however, that the District Court Judge filed the Judgment and
Sentence of record without any changes to the five prior DUI convictions.  Moreover, the District
Court Judge received three different Motions filed by the Petitioner to reconsider, amend or
modify his sentence in the course of thirteen months, June 21, 2004 to July 15, 2005.  In these
motions, Petitioner does not argue, as he did at his sentencing hearing, that his prior DUI
convictions had been overturned on appeal.  Instead he argued that either the prior DUI
convictions were too old to be used as priors, that the Texas convictions were for public
intoxication, not for driving while under the influence, or that New Mexico courts may not use
out of court DUI convictions as prior DUI convictions for the purpose of enhanced sentencing.
The District Court Judge addressed every one of Petitioner's arguments and denied the Motions.
The issue of whether any of the five prior DUI convictions had been overturned on appeal was
apparently resolved against the Petitioner since he dropped that argument in his subsequent
Motions.

for habeas corpus relief.

<u>PETITIONER DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL</u>

33.  Clearly established federal law holds that to establish ineffective assistance of counsel Petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Petitioner must show that his defense counsel's performance was not simply wrong but was completely unreasonable. <u>Gonzales v. McKune</u>, 247 F. 3d 1066, 1072 (10th Cir. 2001). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. " <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).

34.  Petitioner argues that his counsel was ineffective for failing to research the law, for failing to object to his sentence and for failing to pursue an appeal on that issue.

35.  Petitioner entered into a plea agreement whereby he waived his right of appeal. [Answer, Exhibit B].  He argues however that he requested his attorney to file an appeal on his allegedly illegal sentence because he thought he could only be sentenced to one and a half (1 ½) years on the felony plea of DUI.

36.  By the time Petitioner committed his offenses, entered into his plea agreement and was sentenced to his sixth DUI, the law on multiple DUI convictions had been amended by the New Mexico legislature.  As the New Mexico Supreme Court explained in its opinion, <u>State v. Smith</u>, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022, the legislature passed three amendment to the New Mexico DUI statute, NMSA §66-8-102, in its 2003 session.  The three amendments

created confusion as to exactly how the amended statue should read because, on their face, the amendments created inconsistent sections.

The second amendment, which became effective on March 28, 2003, created the felonies of fifth, sixth and seventh DUI's and increased the terms of imprisonment for those who had committed five or more DUI's. The statue had previously "capped" the sentence for DUI convictions at four and imposed a maximum sentence of eighteen months. But the amendment, passed as HB 117, 2003 Leg., 46th Sess. (N.M.2003), 2003 N.M. Laws, ch. 90 §3, added new sentences for a fifth, sixth and seventh DUI conviction. A sixth DUI conviction was classified as a third degree felony subject to a thirty month prison sentence, eighteen months of which could not be suspended.

The problem was that the 2003 Legislature, when it passed a third amendment to the DUI statute in that legislative session (which allowed tribal court DUI convictions to be counted as prior DUI's), re-stated the pre-March 28, 2003 sentencing structure for multiple DUI's instead of stating the newly amended session law of HB 117. *See*, H.B. 278, 2003 Leg., 46th Sess. (N.M.2003), 2003 N.M. Laws, ch. 164 §10. That bill went into effect on July 1, 2003.

Faced with this contradictory set of amendments to the DUI statute, NMSA §66-8-102, the district courts were understandably confused as to which sentencing structure to impose on defendants who were facing their fifth, sixth or seventh DUI in late 2003 and early 2004. In addition, the New Mexico Court of Appeals had issued, in January, 2004, a split decision in which it held that the third amendment to the DUI statute prevailed over the second amendment, thus eliminating the increased sentences for fifth and higher DUI convictions. The New Mexico Supreme Court immediately granted *certiorari* and it was as this point in time that District Court

12

John A. Dean imposed sentence on Petitioner.

37.   Petitioner entered into a plea agreement in which he waived his right of appeal. Therefore, it is disingenuous for him to argue that his appointed counsel was ineffective for failing to file an appeal since he waived that right.  The failure of his counsel to appeal does not constitute ineffective assistance of counsel.

38.   The log of the hearing at which the State presented evidence of Petitioner's previous DUI convictions shows that Petitioner's counsel did raise arguments about the validity of some of Petitioner's previous convictions.  The Judgment and Sentence imposed by the District Court Judge also shows that the Court pre-empted any objection to the sentence on the DUI felony by including an alternative sentencing provision: "If this sentence is appealed and the Appellate Court mandates re-sentencing pursuant to 66-8-102 Laws 2003 Chapter 164, as to Count 1, the Defendant be committed to the custody of the New Mexico Corrections Department to be confined for the term of eighteen (18) months." [Answer, Exhibit A].  While the sentence could not be appealed *per se* by the terms of the Plea Agreement, the Petitioner could and did file Motions to Reconsider his Sentence.  The District Court Judge realized that at the time of the sentencing, the interpretation of §66-8-102 was in flux and could be resolved either in favor of the two and half year sentence imposed or in favor of the one and a half year sentence that the statute previously called for, before the 2003 amendments to the statute.

The issue was resolved when the New Mexico Supreme Court ruled in State v. Smith, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022, that the three amendments to §66-8-102 were not inconsistent with each other and could be interpreted together and harmoniously to fulfill the intent of the legislature.  Thus, NMSA §66-8-102, as amended in 2003, created the felony crimes

of fifth, sixth and seventh DUI and the increased the penalties for these felony DUI's which were

applicable to Petitioner at the time of his arrest and his subsequent sentencing.

39.  Petitioner has presented no evidence to show that his attorney was ineffective at his

sentencing because he allegedly failed to research the law or allegedly failed to object to the

sentence.  Petitioner has failed to demonstrate, as required by Strickland v. Washington, *supra*,

that his attorney's performance fell below an objective standard of reasonableness and that the

deficient performance prejudiced Petitioner.  The sentence, which was within the statutory

language of NMSA §66-8-102 for a sixth DUI conviction, was legal and the Court took care to

impose an alterative sentence should the statute be interpreted differently when the appellate

courts finally resolved how the DUI statute should be interpreted.

40.  Petitioner's claim of ineffective assistance of counsel was presented in his state

Petition for Habeas Corpus.  It was denied on the merits by both the District Court and the

Supreme Court of New Mexico.  This Court may only grant relief if the decisions below were

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or the courts below reached their decision

based on an unreasonable determination of the facts in light of the evidence presented in the State

Court proceedings. The clearly established federal law in claims of ineffective assistance of

counsel is stated in Strickland v. Washington, *supra*.  The decisions below denying this claim were

not contrary to, nor involved an unreasonable application of, clearly established federal law.  Nor

has Petitioner presented any evidence to show that the state courts below reached their decisions

based on an unreasonable determination of the facts of this case.

41.  Petitioner has failed to establish that he received ineffective assistance of counsel in

14

his sentencing or that the decisions of the state courts below denying this claim entitle him to habeas corpus relief.

## REQUEST FOR APPOINTMENT OF COUNSEL

42.  Petitioner has also requested that the Court appoint him counsel. (Doc. No. 3).

43.  The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F. 2d 994, 996 (10th Cir. 1991)).

44.  Petitioner was represented by counsel at the entry of his Plea Agreement and at his Sentencing.  Petitioner has represented himself during his habeas corpus proceedings in state and federal court and in his motions directed to the sentencing judge for reconsideration of his sentence.

45.  Petitioner has been able to reasonably present his claims to this Court in his Petition for the Writ of Habeas Corpus.  The claims presented were straightforward and had been previously presented to the state courts below in Petitioner's state Petition for Habeas Corpus.

46.  The Court has reviewed the merits of the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied.  The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

47.  The Court finds that the Petitioner has been able to present his case adequately without benefit of counsel and the appointment of counsel for the Petitioner would not have

assisted the Court.

CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgment in violation of the Constitution of the United States. The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE