IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BIVIAN B. RAMIREZ,

     Petitioner,

v.                                                    CIV NO. 05-768 JH/ACT

JOSE ROMERO, Warden, and
PATRICIA A. MADRID,

     Respondents.

MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
OF PETITIONER'S MOTION TO VACATE SENTENCE

     Petitioner filed a Motion to Vacate his Sentence on December 5, 2005. [Doc. No. 22]. The Magistrate Judge will treat Petitioner's Motion and supporting arguments as a renewal of his Petition for the Writ of Habeas Corpus and recommends that the Motion be DENIED for the same reasons as stated in the Recommended Disposition of Petitioner's Writ. [Doc. No. 20].

     Petitioner presented the same arguments in support of this Motion that he presented in his Petition for the Writ of Habeas Corpus with the additional argument that he was subject to an *ex post facto* law because the third amendment to NMSA §66-8-102, House Bill 278, 2003 Leg., 46th Sess. (N.M.2003), 2003 N.M. Laws, ch. 164 §10, was the sole amendment in effect at the time Petitioner committed his traffic offenses. Petitioner argues that the second amendment, House Bill 117, 2003 Leg., 46th Sess. (N.M.2003), 2003 N.M. Laws, ch. 90 §3, the one that

imposed enhanced sentencing for fifth, sixth and seventh DUI convictions, was not in effect after July 1, 2003. Based on these alleged "facts", Petitioner argues that his constitutional rights were violated because the State of New Mexico used an *ex post facto* law to sentence him.

Petitioner is mistaken. As explained in Paragraphs 36 and 37 of the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. No. 20], the enhanced sentencing provisions of §66-8-102 were in effect at all times during the commission of Petitioner's crimes, the entry of his Plea Agreement and his sentencing. House Bill 117, 2003 Leg., 46th Sess. (N.M.2003), 2003 N.M. Laws, ch. 90 §3, the bill that added the enhanced sentencing provisions, was passed into law on March 28, 2003 and became the law of New Mexico immediately. While the New Mexico Court of Appeals held, in a split decision, that House Bill 117 had been superseded by House Bill 278 when that bill became effective on July 1, 2003, the Supreme Court of New Mexico overturned that decision in September, 2004. State v. Smith, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022. The Court held that House Bills 117 and 278 were both valid amendments to the DUI statute and had been in effect together since the effective date of House Bill 278. Petitioner was not subjected to an *ex post facto* law and his constitutional rights were not violated.

Petitioner has raised no other new arguments in this Motion to Vacate his Sentence, treated as a renewal of his Petition for the Writ of Habeas Corpus. For the reason stated in this Recommendation and for the reasons stated in the Magistrate Judge's Recommended Disposition filed earlier, the Magistrate Judge recommends that this Motion/ Renewal of the Petition for the Writ of Habeas Corpus be DENIED.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE