IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
06 JAN 17 AM 9: 12
CLERK-ALBUQUERQUE

BIVIAN B. RAMIREZ,

Petitioner,

v. CIV NO. 05-768 JH/ACT

JOSE ROMERO, Warden, and
PATRICIA A. MADRID,

Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PETITIONER'S POST JUDGMENT MOTIONS**

On December 30, 2005 United States District Court Judge Judith Herrera entered her Order and Judgment adopting the Magistrate Judge's Proposed Findings and Recommended Disposition. [Doc. No. 25]. In the Order, Judge Herrera overruled the Petitioner's Objections to the Proposed Findings, granted the Respondents' Motion to Dismiss the Application and denied the Application for the Writ of Habeas Corpus on the merits. On the same day, Petitioner filed his Second Motion to Vacate the Remainder of an Illegal Sentence. [Doc. No. 26]. Petitioner claimed that he had new evidence concerning House Bill 117 which made his sentence illegal. On January 12, 2006, Petitioner filed a Third Motion to Vacate the Remainder of an Illegal Sentence in which he raised the same argument as he had in the Second Motion. [Doc. No. 27].

The Federal Rules of Civil Procedure apply to proceedings brought under 28 U.S.C.

28

§ 2254, the statute which governs petitions for the writ of habeas corpus brought by persons in state custody, as long as the Rules of Civil Procedure are not inconsistent with any statutory provision governing the writs. Rule 11, Rules Governing Section 2254 Cases in the United States District Court. Fed. R. Civ. P. 59(e) states that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Petitioner's Second Motion, filed on December 30, 2005, was filed within 10 days of the entry of Judgment. Petitioner's Third Motion, filed on January 12, 2006, was not filed within the requisite time. This Court has jurisdiction to recommend a ruling on Petitioner's Second Motion but not on Petitioner's Third Motion, although for all practical purposes, the issue is purely academic since the two motions raise the same argument and refer to the same evidence.

The Court will treat Petitioner's Second Motion to Vacate an Illegal Sentence as a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59 (e) and will read the motion as one asking the Court to alter or amend the Order and Judgment entered of record December 30, 2005. Petitioner claims that he has "new" evidence showing that House Bill 117 purports to have amended the DUI statute under which Petitioner was sentenced, NMSA §66-8-102 , making a sixth conviction for DUI a fourth degree felony, instead of a third degree felony. (Exhibit A to Petitioner's Second Motion to Vacate Sentence). The Court is unsure why Petitioner's Exhibit shows the language for House Bill 117 as making a sixth conviction for DUI a fourth degree felony, instead of a third degree felony, but suspects that the Exhibit Petitioner attached is a copy of the original bill as it was first introduced to the 2003 legislative session. House Bill 117 was amended before it was passed into law by the New Mexico Legislature.

The Court finds that Exhibit A to Petitioner's Second Motion to vacate Sentence is not a

true copy of the statute as it was passed by the 2003 legislative session. Laws 2003, Chapter 90, §3, the final version of House Bill 117, as amended, states "Upon a sixth conviction pursuant to this section, an offender is guilty of a third degree felony". The relevant language of House Bill 117, as amended, and codified as Laws 2003, Chapter 90, §3, is attached for Petitioner's convenience. Petitioner was convicted by the state court judge of a third degree felony and sentenced accordingly. Therefore, having found his purported evidence to be inaccurate, the Court also finds that Petitioner is not entitled to the relief he seeks, either the granting of his Application for the Petition of Habeas Corpus or a vacation of the remainder of his current sentence.

CONCLUSION

The Court recommends that the Petitioner's Second Motion to Vacate an Illegal Sentence, treated as a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59 (e), the Judgment that denied his Application for a Writ of Habeas Corpus, be DENIED. Petitioner has failed to establish that he has new evidence that would establish that he is in custody pursuant to a State court judgment in violation of the Constitution of the United States.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants

to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE

Chapter 90

AN ACT

RELATING TO DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS; INCREASING PENALTIES FOR FELONY DWI OFFENDERS; MANDATING TREATMENT FOR PERSONS CONVICTED A SECOND OR THIRD TIME FOR DWI; REQUIRING THAT THE CORRECTIONS DEPARTMENT PROVIDE SUBSTANCE ABUSE COUNSELING AND TREATMENT TO FELONY DWI OFFENDERS; COMPLYING WITH FEDERAL LAW REGARDING PROHIBITED BLOOD OR BREATH ALCOHOL CONCENTRATIONS FOR COMMERCIAL DRIVERS; AMENDING AND REPEALING SECTIONS OF THE NMSA 1978; DECLARING AN EMERGENCY.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

Section 1. Section 31-18-17 NMSA 1978 (being Laws 1977, Chapter 216, Section 6, as amended) is amended to read:

"31-18-17. HABITUAL OFFENDERS--ALTERATION OF BASIC SENTENCE.--

A. A person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred one prior felony conviction that was part of a separate transaction or occurrence or conditional discharge under Section 31-20-13 NMSA 1978 is a habitual offender and his basic sentence shall be increased by one year. The sentence imposed pursuant to this subsection shall not be suspended or deferred, unless the court makes a specific finding that the prior felony

HJC/House Bill 117, aa, w/ec
Approved March 28, 2003

After disqualifying, suspending, revoking or canceling a nonresident commercial driver's privileges, the department shall, within ten days, notify the licensing authority of the state that issued the commercial driver's license.

I. For purposes of this section, the term "convicted" includes a license revocation pursuant to the Implied Consent Act or the implied consent act of another state."

Section 3. Section 66-8-102 NMSA 1978 (being Laws 1953, Chapter 139, Section 54, as amended) is amended to read:

"66-8-102. *PERSONS UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS--AGGRAVATED DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS--PENALTY.*--

A. It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state.

B. It is unlawful for a person who is under the influence of any drug to a degree that renders him incapable of safely driving a vehicle to drive a vehicle within this state.

C. It is unlawful for:

(1) a person who has an alcohol concentration of eight one hundredths or more in his blood or breath to drive a vehicle within this state; and

(2) a person who has an alcohol

ing, revoking or canceling a
r's privileges, the department
fy the licensing authority of the
cial driver's license.
of this section, the term
se revocation pursuant to the
aplied consent act of another

8-102 NMSA 1978 (being Laws 1953,
amended) is amended to read:
ER THE INFLUENCE OF INTOXICATING
DRIVING WHILE UNDER THE INFLUENCE
IGS--PENALTY.--
for a person who is under the
uor to drive a vehicle within

for a person who is under the
gree that renders him incapable
o drive a vehicle within this

for:
who has an alcohol
ndredths or more in his blood or
hin this state; and
who has an alcohol

concentration of four one hundredths or more in his blood or breath to drive a commercial motor vehicle within this state.

D. Aggravated driving while under the influence of intoxicating liquor or drugs consists of a person who:

(1) has an alcohol concentration of sixteen one hundredths or more in his blood or breath while driving a vehicle within this state;

(2) has caused bodily injury to a human being as a result of the unlawful operation of a motor vehicle while driving under the influence of intoxicating liquor or drugs; or

(3) refused to submit to chemical testing, as provided for in the Implied Consent Act, and in the judgment of the court, based upon evidence of intoxication presented to the court, was under the influence of intoxicating liquor or drugs.

E. A person under first conviction pursuant to this section shall be punished, notwithstanding the provisions of Section 31-18-13 NMSA 1978, by imprisonment for not more than ninety days or by a fine of not more than five hundred dollars ($500), or both; provided that if the sentence is suspended in whole or in part or deferred, the period of probation may extend beyond ninety days but shall not exceed one year. Upon a first conviction pursuant to this section, an offender may be sentenced to not less than forty-eight

hours of community service or a fine of three hundred dollars ($300). The offender shall be ordered by the court to participate in and complete a screening program described in Subsection K of this section and to attend a driver rehabilitation program for alcohol or drugs, also known as a "DWI school", approved by the bureau and also may be required to participate in other rehabilitative services as the court shall determine to be necessary. In addition to those penalties, when an offender commits aggravated driving while under the influence of intoxicating liquor or drugs, the offender shall be sentenced to not less than forty-eight consecutive hours in jail. If an offender fails to complete, within a time specified by the court, any community service, screening program, treatment program or DWI school ordered by the court, the offender shall be sentenced to not less than an additional forty-eight consecutive hours in jail. Any jail sentence imposed pursuant to this subsection for failure to complete, within a time specified by the court, any community service, screening program, treatment program or DWI school ordered by the court or for aggravated driving while under the influence of intoxicating liquor or drugs shall not be suspended, deferred or taken under advisement. On a first conviction pursuant to this section, any time spent in jail for the offense prior to the conviction for that offense shall be credited to any term of imprisonment fixed by the court. A



deferred se
considered
subsequent
section shal
Section 31-
three hundre
one thousand
sentence is
probation ma
years. Notw
for suspensi
shall be sen
consecutive
a fine of fi
penalties, w
under the in
offender sha
ninety-six c
complete, wi
service prog
ordered by t
less than an
penalty impo

fine of three hundred dollars
ordered by the court to
creening program described in
d to attend a driver
hol or drugs, also known as a
ureau and also may be required
litative services as the court
. In addition to those
mits aggravated driving while
ating liquor or drugs, the
not less than forty-eight
an offender fails to complete,
court, any community service,
rogram or DWI school ordered by
e sentenced to not less than an
tive hours in jail. Any jail
his subsection for failure to
ied by the court, any community
eatment program or DWI school
gravated driving while under the
or or drugs shall not be
nder advisement. On a first
ction, any time spent in jail
onviction for that offense shall
risonment fixed by the court. A

deferred sentence pursuant to this subsection shall be considered a first conviction for the purpose of determining subsequent convictions.

F. A second or third conviction pursuant to this section shall be punished, notwithstanding the provisions of Section 31-18-13 NMSA 1978, by imprisonment for not more than three hundred sixty-four days or by a fine of not more than one thousand dollars ($1,000), or both; provided that if the sentence is suspended in whole or in part, the period of probation may extend beyond one year but shall not exceed five years. Notwithstanding any provision of law to the contrary for suspension or deferment of execution of a sentence:

(1) upon a second conviction, an offender shall be sentenced to a jail term of not less than ninety-six consecutive hours, forty-eight hours of community service and a fine of five hundred dollars ($500). In addition to those penalties, when an offender commits aggravated driving while under the influence of intoxicating liquor or drugs, the offender shall be sentenced to a jail term of not less than ninety-six consecutive hours. If an offender fails to complete, within a time specified by the court, a community service program, a screening program or a treatment program ordered by the court, the offender shall be sentenced to not less than an additional seven consecutive days in jail. A penalty imposed pursuant to this paragraph shall not be

suspended or deferred or taken under advisement; and

(2) upon a third conviction, an offender shall be sentenced to a jail term of not less than thirty consecutive days and a fine of seven hundred fifty dollars ($750). In addition to those penalties, when an offender commits aggravated driving while under the influence of intoxicating liquor or drugs, the offender shall be sentenced to a jail term of not less than sixty consecutive days. If an offender fails to complete, within a time specified by the court, a screening program or a treatment program ordered by the court, the offender shall be sentenced to not less than an additional sixty consecutive days in jail. A penalty imposed pursuant to this paragraph shall not be suspended or deferred or taken under advisement.

G. Upon a fourth conviction pursuant to this section, an offender is guilty of a fourth degree felony and, notwithstanding the provisions of Section 31-18-15 NMSA 1978, shall be sentenced to a term of imprisonment of eighteen months, six months of which shall not be suspended or deferred or taken under advisement.

H. Upon a fifth conviction pursuant to this section, an offender is guilty of a fourth degree felony and, notwithstanding the provisions of Section 31-18-15 NMSA 1978, shall be sentenced to a term of imprisonment of two years, one year of which shall not be suspended, deferred or taken under

advisement; and
nviction, an offender
not less than thirty
hundred fifty dollars
.es, when an offender
r the influence of
ender shall be sentenced
consecutive days. If an
time specified by the
ment program ordered by
enced to not less than an
jail. A penalty imposed
e suspended or deferred

n pursuant to this
urth degree felony and,
ion 31-18-15 NMSA 1978,
onment of eighteen
be suspended or deferred

pursuant to this
rth degree felony and,
on 31-18-15 NMSA 1978,
nment of two years, one
eferred or taken under

advisement.

I. Upon a sixth conviction pursuant to this section, an offender is guilty of a third degree felony and, notwithstanding the provisions of Section 31-18-15 NMSA 1978, shall be sentenced to a term of imprisonment of thirty months, eighteen months of which shall not be suspended, deferred or taken under advisement.

J. Upon a seventh or subsequent conviction pursuant to this section, an offender is guilty of a third degree felony and, notwithstanding the provisions of Section 31-18-15 NMSA 1978, shall be sentenced to a term of imprisonment of three years, two years of which shall not be suspended, deferred or taken under advisement.

K. Upon any conviction pursuant to this section, an offender shall be required to participate in and complete, within a time specified by the court, an alcohol or drug abuse screening program approved by the department of finance and administration and, if necessary, a treatment program approved by the court. The requirement imposed pursuant to this subsection shall not be suspended, deferred or taken under advisement.

L. Upon a second or third conviction pursuant to this section, an offender shall be required to participate in and complete, within a time specified by the court, not less than a twenty-eight-day inpatient, residential or in-custody